RECEIVED
SEP 16 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **CHERYL DUNN** | * | **CIVIL ACTION NO. 04-2049** |
| **VERSUS** | * | **JUDGE MELANÇON** |
| **COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HILL** |

## RULING

Pending before the Court is Plaintiff's Petition for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") (28 U.S.C. Section 2412) filed by social security claimant, Cheryl Dunn ("Dunn"), on August 22, 2005. (rec. doc. 12). No opposition has been filed, and the deadline for filing opposition has expired.[1]

On September 9, 2001, Dunn filed an application for social security benefits. After denial initially and on reconsideration, claimant requested a hearing before an Administrative Law Judge ("ALJ"). Following a hearing, the ALJ issued an unfavorable decision. Dunn sought review by the Appeals Council, which was denied.

Dunn filed a Complaint for judicial review with this Court on October 1, 2004. On June 1, 2005, the undersigned issued a Report and Recommendation

---

[1] LR 7.5W provides that opposition shall be filed within 15 days of service of the motion.

recommending that this case be remanded. (rec. doc. 10). By Judgment entered on June 22, 2005, Judge Tucker L. Melançon reversed and remanded this action pursuant to the fourth sentence of 42 U.S.C. § 405(g). (rec. doc. 11). On August 22, 2005, Dunn filed the instant application for fees.[2]

## GUIDELINES FOR ATTORNEYS' FEES AND EXPENSES CALCULATION

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act thus places the burden on the Commissioner to show that the stated statutory exceptions make an award of fees and expenses inappropriate. *Martin v. Heckler*, 754 F.2d 1262, 1264 (5th Cir. 1985). A party who wins a sentence-four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993); *Breaux v. United States Department of Health and Human Services*, 20 F.3d 1324 (5th Cir. 1994). Since Dunn is a prevailing party, and the Commissioner has not opposed her application, I find that

---

[2] 28 U.S.C. § 2412(d)(1)(B) provides that a party seeking an award of fees and other expenses shall submit an application within 30 days of final judgment. In sentence four cases, the filing period begins after the final judgment affirming, modifying or reversing is entered by the court <u>and the appeal period has run</u>, so that the judgment is no longer appealable. (emphasis added). *Shalala v. Schaefer*, 509 U.S. 292, 298, 113 S.Ct. 2625, 2629, 125 L.Ed.2d 239 (1993). In a case in which the United States or its officer is a party, the notice of appeal may be filed within 60 days after the judgment is entered. FRAP 4(a)(1)(B). Thus, this application was timely filed.

2

an award of fees is appropriate.

Under the Social Security Act, an attorney representing a claimant in a successful past-due benefits claim is entitled to a reasonable fee to compensate such attorney for the services performed by him in connection with such claim, not to exceed 25 percent of the total of the past-due benefits recovered. 42 U.S.C. §§ 406(a), (b)(1). The "lodestar" approach has been adopted by the Fifth Circuit for calculating reasonable attorneys' fees in social security cases. *Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir. 1990). The starting point under this approach is the number of attorney hours reasonably expended on litigation multiplied by a reasonable hourly rate. *Id.* at 192; *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The attorney's usual non-contingent hourly rate or the prevailing market rate charged in the relevant community for similar legal services are measures typically used as a first approximation of the reasonable hourly rate. Brown, 917 F.2d at 192.

Once determined, the product of this calculation, or the "lodestar," may be adjusted upward or downward based on the court's consideration of the circumstances surrounding the case. *Id.* This process is guided by the twelve factors set forth by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Mid-Continent Casualty Company v. Chevron Pipe Line*

3

*Company*, 205 F.3d 222, 232 (5th Cir. 2000). The twelve *Johnson* factors include: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. The Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors, and the Fifth Circuit has held that "[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts." *Walker v. U. S. Department of Housing and Urban Development*, 99 F.3d 761, 771-72 (5th Cir. 1996); *Alberti v. Klevenhagen*, 896 F.2d 927, 936 (5th Cir.), *modified on other grounds*, 903 F.2d 352 (5th Cir. 1990), citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986).

## ISSUES AND ANALYSIS

The focus now turns to the facts and issues presented in the pending motion. Dunn's counsel seeks a total of $3,812.50 in attorney's fees, said sum representing 30.50 hours at the rate of $125.00 per hour for attorney's fees. In support of this request, Dunn's counsel, Jo Ann Nixon, submitted a petition describing the services performed on behalf of her client and the time billed in connection with each task in minimal increments of .25 per hour.

## REASONABLE HOURS EXPENDED

Claimant's motion seeks recovery of 30.50 hours at the rate of $125.00 per hour for attorney's fees. Because the Commissioner has not opposed the reasonableness of the hours charged, or the facts asserted in the affidavit, she waived any right to challenge the reasonableness of the number of hours billed. See *Blum v. Stenson*, 465 U.S. 886, 892, n. 5, 104 S.Ct. 1541, 1545, 79 L.Ed.2d 891 (1984). In any event, Dunn's counsel submitted detailed time records describing each service performed and the time billed in connection with each service. A review of these entries indicates that the amount of time submitted for each task was reasonable. Accordingly, the undersigned finds that hours claimed in Dunn's application should be awarded.

As to the hourly rate, Dunn's counsel requested a fee of $125.00 per hour for attorney's fees. The EAJA provides that attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Counsel asserts that she is entitled to a fee of $125.00 per hour. The undersigned notes that counsel presented valid arguments which resulted in the matter being reversed and remanded. Given counsel's experience in social security disability law and the results obtained in this case, the undersigned finds that $125.00 per hour is an appropriate hourly fee. *See, Washington v. Commissioner of Social Security*, Docket No. 04-1834 (August 19, 2005); *Leroy v. Commissioner of Social Security*, Docket No. 04-1995 (May 24, 2005); *Bias v. Commissioner of Social Security*, Docket No. 04-436 (May 12, 2005).

JOHNSON ANALYSIS

The next step requires that the court analyze the twelve *Johnson* factors to determine if the lodestar requires adjustment. A listing of the factors and analysis of each factor as it applies in this case follow. (1) Time and labor involved: the lodestar adequately compensates time and labor involved. (2) Novelty and difficulty of the

questions: the identical issues in this case have been previously addressed by this court. (3) The skill required to perform the legal services properly: the hourly rate adequately compensates counsel for the level of skill required to handle this case competently. (4) Preclusion of other employment: no evidence was offered to establish that this case precluded handling of other cases. In addition, the billing of a total of 30.50 hours by the attorney over a ten-month period precludes such a finding. (5) Customary fee: decisions rendered in this District indicate that the hourly rate awarded in social security cases in this area is generally $125.00 per hour absent evidence that a higher rate is warranted. (6) Fixed or contingent fee: this case was billed on an hourly basis; thus, this factor does not justify adjustment.[3] (7) Time limitations: no evidence was adduced on this point.[4] (8) The time involved and the results obtained: this matter was resolved eight months after the complaint was filed; however, as the Supreme Court has greatly limited the use of this factor, and no specific evidence has been introduced in support, the lodestar requires no adjustment. *Walker*, 99 F.3d at 771. (9) The experience, reputation and ability of counsel: counsel

---

[3] In *Walker*, 99 F.3d at 772, the Fifth Circuit noted that the Supreme Court has barred any use of the sixth factor. See, *City of Burlington v. Dague*, 505 U.S. 557, 567, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992); *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir.), cert. denied, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

[4] The seventh factor is subsumed in the number of hours reasonably expended. *Walker*, 99 F.3d at 772.

enjoys the reputation of providing adequate representation; the lodestar, however, adequately compensates for this factor. (10) The undesirability of the case: no evidence was adduced on this point. (11) The nature and length of the professional relationship with the client: no evidence was adduced on this point. (12) Awards in similar cases: Counsel has not cited any in the motion for attorney's fees. The lodestar is presumptively reasonable and should be modified only in exceptional cases. *City of Burlington*, 112 S.Ct. at 2641. This is not such a case; the lodestar requires no adjustment.

CONCLUSION

Accordingly, IT IS THEREFORE ORDERED that the sum of $3,812.50 in attorney's fees is awarded to Cheryl Dunn as an EAJA fee. The Commissioner of the Social Security Administration shall forward a check payable to Jo Ann Nixon in the amount of $3,812.50 pursuant to 28 U.S.C. § 2412(d)(1)(A) within forty-five days of this date.

Signed this 16 day of September, 2005, at Lafayette, Louisiana.

C. MICHAEL HILL
MAGISTRATE JUDGE